ABNER J. CARR (CLAIMANT), RESPONDENT, v. MURCH BROTHERS CONSTRUCTION COMPANY, A CORPORATION (EMPLOYER), AND MARYLAND CASUALTY COMPANY, A CORPORATION (INSURER), APPELLANTS.*—21 S. W. (2d) 897.

St. Louis Court of Appeals. Opinion filed December 3, 1929.

*Corpus Juris-Cyc References: Workmen's Compensation Acts,—CJ, section 58, p. 69, n. 47.

*Burney P. Bodard* and *Raymond L. Swann* for appellants.

*Bartley & Mayfield* for respondent.

SUTTON, C.—This appeal is from the judgment of the circuit court affirming the award of the compensation commission under the Missouri Workmen's Compensation Act. The injury for which claim is made is the strangulation of a pre-existing hernia.

Upon the hearing before the commission, the claimant testified:

"My occupation is that of a hoisting engineer. My weekly wage for that work is $66 per week. On June 3, 1927, I was in the employ of Murch Brothers Construction Company, located in St. Louis. I was working on the telephone building at Beaumont and Locust, running a siphon, pumping water. These are the usual duties of a hoisting engineer. The steam valve that operated this siphon was on top of the boiler, and I had to reach up and get it to turn the steam off and on. In doing this, I felt a severe pain, and it felt as though the hernia slipped below the truss. At the time of this occurrence, I was suffering from an old hernia. I don't know the sort of hernia it was. I don't know the name for it. It was on the left side. It was described to me by the doctors as an inguinal hernia, and I have been suffering from this hernia for five years. This hernia came on me one winter when I had a severe cold, and I was coughing and sneezing, and this bump came there. I went to the doctor and he told me to wear a truss. I have been continuously wearing a truss, and have been working as a hoisting engineer, and was never troubled with the hernia, from that time on, up to June 3, 1927. The pain I experienced on June 3rd continued. When 1 lay down at night it would keep me awake; then the next day it would hurt awful bad. I continued to work on June 3rd, after I had this pain, which was Friday, and on the following Saturday, Sunday, and Monday. On

the following Tuesday I had breakfast, and went to the doctor's office. I went to Dr. P. A. Eck. He said I would have to go to a hospital inside of an hour. I went to St. John's Hospital. At the hospital, I called Dr. W. T. Coughlin, and when he came I was in bed. He worked on the hernia and tried to get it back. He said that he might have to operate right away, that if he didn't he would wait until in the morning. He told me the nature of the hernia. He said it was a strangulated hernia. He operated on me the next morning. I was in the hospital eighteen days; this was the result of the operation. I was disabled from work, and was out of work, from the time I went to the hospital until August 16, 1927. I went to the hospital immediately upon the advice of Dr. Eck. I paid $110.45 for nursing and hospital service. Dr. Coughlin rendered me a bill for $150 for the operation and services after the operation. There has been no compensation paid me at all. There was no hospital or medical service offered me at any time.''

The attending physicians in their reports described the nature and extent of claimant's injury as ''a left-side strangulated indirect inguinal hernia.''

The Commission awarded compensation as follows: For medical aid $250, for 9-6/7 weeks total temporary disability $197.41, aggregating $447.41. The Commission in connection with the award made findings of facts and rulings of law as follows:

''The employee on the 3rd day of June, 1927, was suffering from a left inguinal hernia and had been so afflicted for five years prior thereto and was at the time of this injury wearing a truss. While reaching up to turn off the steam of a boiler the truss slipped out of place and caused an aggravation of the hernia, necessitating an operation therefor.

''Where a pre-existing hernia is aggravated and accelerated by an accident the employer and insurer are liable for the loss of time occasioned thereby, and also for an operation and necessary hospital and medical cost not exceeding $250.

''This is not a claim for compensation for hernia under section 17 (b) of the Act. It is a case of accidental strangulation of a pre-existing hernia, which made an operation immediately necessary to save the employee's life. If an accident hurts a hernia, there is no more reason for denying compensation than if any other sound or unsound part of the body is hurt. It is merely an aggravation of a pre-existing condition and is compensable as other aggravations.''

Appellants insist here that the evidence as disclosed by the record is insufficient to warrant the award made by the Commission or to warrant the affirmance of said award by the circuit court, in that the evidence does not show (1) that there was an accident resulting in hernia, and (2) that the hernia did not exist in any degree prior

to the injury for which compensation is claimed. Upon the authority of recent well-considered decisions of this court, and of the Kansas City Court of Appeals, this insistance must be ruled against appellants. [Von Cloedt v. Yellow Taxicab Co. (Mo. App.), 18 S. W. (2d) 84; Drecksmith v. Universal Carloading & Distributing Co. (Mo. App.), 18 S. W. (2d) 86; Lawrence v. Stark Bros. Nurseries & Orchards Co. (Mo. App.), 18 S. W. (2d) 89; Guillod v. Kansas City Power & Light Co. (Mo. App.), 18 S. W. (2d) 97. See also: Manning v. Pomerene (Neb.), 162 N. W. 492; Brown's Case (Me.), 123 Atl. 421; Kallgren v. C. W. Lundquist Co. (Minn.), 216 N. W. 241; Babich v. Oliver Iron Mining Co. (Minn.), 195 N. W. 784; State ex rel. v. District Court (Minn.), 164 N. W. 585; Puritan Bed Spring Co. v. Wolfe (Ind. App.), 120 N. E. 417; O'Gara Coal Co. v. Industrial Commission, 320 Ill. 191; Walker v. Minnesota Steel Co. (Minn.), 209 N. W. 635.]

Appellants in support of their insistence that there was no accident shown, invoke the provisions of paragraph (b) of section 7 of the Compensation Act, defining the word "accident," as used in the act, to mean "an unexpected or unforeseen event happening suddenly and violently, with or without human fault and producing at the time objective symptoms of an injury." Appellants argue that the "unexpected or unforeseen event," as used in the statute, means some unusual or unintentional act, or movement, of the claimant, or other person, or thing, such as a slip, a fall, or a blow, or an explosion, or a breaking down, or some unusual performance, of machinery or appliances. This construction is out of accord with both the language of the statute and its manifest purpose. The "unexpected or unforeseen event," as used in the statute, includes an unexpected or unforeseen event (result) ensuing from a usual and intentional act or movement of the claimant done in the ordinary course of his employment. This is the meaning of the term "accident" as it is ordinarily understood, and there is nothing in the statute to indicate that the term is there used in the restricted and technical sense insisted upon by appellants.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Haid, P. J.,* and *Becker* and *Nipper, JJ.,*