David M. STONER, Claimant-Appellant,

v.

DAWSON METAL PRODUCTS, Employer-Respondent, and Aetna Casualty & Surety Company, Insurer-Respondent.

No. 10607.

Missouri Court of Appeals, Springfield District.

Dec. 22, 1978.

Motion for Rehearing or Transfer Denied Jan. 3, 1979.

---

L. R. Magee, Hines & Magee, Kansas City, for claimant-appellant.

Kelly Pool, Jefferson City, for respondents.

Before HOGAN, P. J., STONE, J., and GRIMM, STEELMAN and McHANEY, Special Judges.

HOGAN, Presiding Judge.

This appeal is taken from an award of the Labor and Industrial Relations Commission denying compensation to claimant David M. Stoner. The claimant's sole point on appeal is that the award is clearly contrary to "all of the competent and substantial" evidence because the evidence clearly establishes that claimant contracted an occupational disease which arose out of and in the course of his employment. Inasmuch as this is the only point stated in the "points relied on" part of the appellant's brief, it is the only point we shall consider. *Pruellage v. De Seaton Corporation*, 380 S.W.2d 403, 405(3) (Mo.1964); *Haase v. Richmond*, 570 S.W.2d 341, 343–344(3) (Mo.App.1978).

There is not really very much before us for review. The parties stipulated before the Referee that on or about June 14, 1973, claimant sustained an injury arising out of and in the course of his employment, that the employer had notice of the injury and that a claim for compensation was timely filed. Admittedly the claimant is suffering from a serious lung condition; the only real question is whether his condition was brought on by a peculiar risk or hazard inhering in his working conditions. There is medical evidence which would support the conclusion that it was; there is also extensive medical evidence that it was not. Therefore the determinative issue, whether or not the claimant was entitled to compensation because he developed an occupational disease, depended upon the acceptance or rejection of conflicting medical opinions or theories and was an issue peculiarly for the determination of the Commission. *Vollmar v. Board of Jewish Education*, 287 S.W.2d 868, 872(4) (Mo.1956); *Hawkins v. Nixdorff-Krein Mfg. Co.*, 395 S.W.2d 247, 251(4) (Mo. App.1965); *Greer v. Missouri State Highway Department*, 362 S.W.2d 773, 778–779(4) (Mo.App.1962).

Having considered the records, having determined that the award of the Labor and Industrial Relations Commission is supported by competent and substantial evidence on the whole record, and being convinced that an extensive written opinion would be of no precedential value, we affirm the award of the Commission pursuant to Rule 84.16(b), V.A.M.R.

All of the Judges concur.