Jack R. WYNN, Deceased, Margaret T. Wynn, Widow, et al., Appellants,

v.

NAVAJO FREIGHT LINES, INC., Respondent.

No. 64679.

Supreme Court of Missouri, En Banc.

June 30, 1983.

Rehearing Denied Aug. 16, 1983.

William C. Paxton, Independence, for appellants.

Lee E. Wells, Kansas City, for respondent.

GUNN, Judge.

The issue in this case is whether an employee's death by work induced heart attack during the continued performance of his usual duties constitutes ground for worker's

compensation death benefits. We find that it does.

Jack Wynn was an over-the-road truck driver for Navajo Freight Lines, Inc. While making his usual run between Kansas City, Missouri and Indianapolis, Indiana, he suffered a massive heart attack near Danville, Missouri. Truck driver friends came to his aid, but he succumbed on the way to the Mexico, Missouri hospital.

Claim for worker's compensation death benefits was sought by Mr. Wynn's widow and unemancipated children. The administrative law judge denied the claim finding that there was no accident or unusual strain within the meaning of § 287.020.2, RSMo 1978. On review, the Labor and Industrial Relations Commission (Commission) reversed the administrative law judge and awarded death benefits, finding that Wynn's death by coronary occulsion resulting in a myocardial infarction was caused by an "over-exertion unusual to the deceased, which aggravated employee's preexisting heart disease to the extent that it did cause an accident within the meaning of the statute."

Subsequent appeal was taken to the circuit court which disagreed with the Commission and concluded its award was not supported by substantial evidence and was contrary to the overwhelming weight of the evidence.

Appeal was thereupon given hearing in the Missouri Court of Appeals, Eastern District, which in opinion by Judge Snyder, gave thorough and accurate analysis of the existing worker's compensation law. The Eastern District concluded that the record did not support a finding that Mr. Wynn's death was due to any abnormal or unusual strain in connection with his employment, the appropriate standard for recovery under case law existing at the time. *E.g., Crow v. Missouri Implement Tractor Co.,* 307 S.W.2d 401 (Mo. banc 1957); *Russell v. Southwest Grease and Oil Co.,* 509 S.W.2d 776 (Mo.

App.1974). Applying the then appropriate legal rubric to the facts, the Eastern District thereby affirmed the circuit court judgment denying recovery.

The claimants—the Wynn family—had sought to bring their claim under the facts and circumstances of *Smith v. Plaster,* 518 S.W.2d 692 (Mo.App.1975), by showing that Mr. Wynn's heart attack had been brought about by the unusual strain of pulling an empty trailer under a series of abnormal circumstances.[1] *Smith v. Plaster* allowed worker's compensation benefits to an employee who sustained an acute myocardial infarction caused by an abnormal strain in the performance of his working duties. *But see State ex rel. Hussman-Ligonier Co. v. Hughes,* 348 Mo. 319, 153 S.W.2d 40 (1941), in which a heart attack to a worker occurring on the job was held not to have been caused by an abnormal strain and therefore non-compensable.

The ultimate holding of the Eastern District in affirming the judgment of the trial court was that there was an "absence of evidence of abnormal or unusual strain arising out of [Mr. Wynn's] employment;" thus, his death was not "accidental" and compensable.

In the meantime, this Court has issued *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781 (Mo. banc 1983), which bears directly on this case. Accordingly, transfer of the Wynns' case was granted.

*Wolfgeher* provides an exhaustive lesson in worker's compensation law, particularly as it relates to Missouri courts' interpretation of legislative enactments. The case conducts a review of the various stages of court treatment of the purpose of the law: from initial liberal construction which required no evidence of unusual strain, *e.g., Carr v. Murch Bros. Const. Co.,* 223 Mo.App. 788, 21 S.W.2d 897 (1929), to the more fusty treatment of *State ex rel. Hussman-Ligonier Co. v. Hughes, supra,* and the moderate

---

1. Mr. Wynn was driving an empty trailer on a particularly hot day. In his own words, the ride was "beating him to death." Medical testimony supports the conclusion that the heart attack was brought about by reason of the performance of Mr. Wynn's work and circumstances attending his ride.

approach of *Crow v. Missouri Implement Tractor Co., supra.*

*Wolfgeher* notes that "the statutory definition of the term 'accident' has remained unchanged over the years but the judicial construction thereof has not." In so doing, it concludes that Missouri should abandon any narrow construction of the term "accident" and give it the broadest possible meaning to extend worker's compensation to the largest possible class of employees. *Id.* at 785. *Wolfgeher* further comments that the requirement of establishing an abnormal or unusual strain before allowing compensation is totally out of phase with the overwhelming majority of other jurisdictions: "Where the performance of the usual and customary duties of an employee leads to physical breakdown or a change in pathology, the injury is compensable." *Id.* at 784.

Underpinning *Wolfgeher* and providing the base for its conclusion erasing the abnormal or unusual strain requirement is the Court's attitude toward occupational diseases, which would encompass Mr. Wynn's fatal heart attack:

> Those provisions of the Workmen's Compensation Act which cover "occupational diseases" do not contain any references to an "accident" requirement. Section 287.067 (Cum.Supp.1981); *See also Collins v. Neevel Luggage Mfg. Co.,* 481 S.W.2d 548 (Mo.App.1972). So long as an injury is clearly job related, it seems inconsistent and inequitable to deny compensation for the injury, but to allow compensation for an occupational disease or illness.

*Id.* at 785.

The end result of *Wolfgeher* was to abandon a narrow construction of the term "accident" and attain congruency with the majority of states which have eliminated the abnormal or unusual strain requirement for not only job related injuries but for accidents of the type suffered by Mr. Wynn—a work related heart attack during the course of his employment without regard to unusual or abnormal strain.[2]

Mr. Wynn's injury was clearly job related. The administrative law judge who denied recovery on the basis of lack of abnormal or unusual strain concluded:

> ... [T]he events of September 2, 1977 were an efficient, exciting, superinducing, concurring, or contributing cause of his death. However, these were caused by the *usual* strains of his occupation, and nothing unusual or abnormal in the way in which he performed his work occurred.

This finding demonstrates that Mr. Wynn suffered a "job related" injury in the sense of *Wolfgeher,* and mandates affirmance of the award of the Industrial Commission. It is not necessary to decide whether the circuit court acted properly in setting aside the findings of the Commission, which concluded that there was a right to compensation under the pre-*Wolfgeher* test, because the record provides a wholly adequate basis for affirmance with no need to consider the question of abnormal strain.

*Wolfgeher* teaches that the right to compensation is not lost simply because the strains described are not unusual. It is probable that in most cases of heart attack on the job, the claimant can produce evidence of job relatedness. But the trier of fact, as in this case, must be persuaded of this essential finding. Even though Wynn was in poor health, had a preexisting heart condition, did not take good care of himself, and might have succumbed to a fatal heart attack while off work, possibly caused by different sorts of stress, the right to compensation should exist if the actual triggering causes are found, on the basis of sub-

---

**2.** For a massive array of cases and abundance of discussion on "routine exertion causing injury" and dealing generally with on-the-job heart attacks, *see* 1B Larson, Workmen's Compensation Law, § 38.30 (1982). The sense of the *Larson* treatise is to verify the Missouri courts' rather anachronistic stance in comparison with other jurisdictions in the interpretation of worker's compensation "accident." By this decision, Missouri joins the parade of a vast majority of other states on this issue.

*See also* Mo. Digest, Workmen's Compensation, Key No. 1536 for a compilation of Missouri cases pertaining to Workmen's Compensation heart cases.

stantial evidence, to meet the "job related" or "work related" test of *Wolfgeher.* No need exists for having one test for heart attacks and another for other injuries brought on by the usual duties of employment.

Therefore, following the course charted by *Wolfgeher* in its interpretation of worker's compensation "accident" as enacted by the legislature, we find that Mr. Wynn's job related fatal heart attack entitles his family claimants to death benefits sought.

Judgment of the circuit court is reversed.

RENDLEN, C.J., and HIGGINS and BLACKMAR, JJ., concur.

DONNELLY, J., dissents in separate opinion filed.

FINCH, Senior Judge, dissents and concurs in separate dissenting opinion of DONNELLY, J.

WELLIVER and BILLINGS, JJ., not sitting.

KELSO, Senior Judge, not participating.

DONNELLY, Judge, dissenting.

The principal opinion expands *Wolfgeher* to permit recovery for "heart attacks" occurring during the course of employment without regard to *causation.*

Arthur Larson has proposed a special test for heart cases. 1B Larson, Workmen's Compensation Law, § 38.83 (1982). It is intended to account for causation, a key problem in heart cases. The causation requirement can be broken down into two parts, the legal and the medical. To satisfy the legal causation requirement, exertion or strain (whether usual or unusual) must have arisen "out of the employment." Larson's test provides a way of determining this both for situations in which there was a previously weakened or diseased heart and for where there was no prior weakness or disease. To satisfy the medical causation requirement, doctors must say whether the exertion or strain found legally sufficient to support compensation in fact caused this collapse. Larson's test is as follows:

If there is some personal causal contribution *in the form of a previously weakened or diseased heart,* the employment contribution must take the form of an exertion greater than that of nonemployment life. * * * Note that the comparison is not with *this employee's* usual exertion *in his employment* but with the exertions of normal *nonemployment* life of this or any other person.

If there is no personal causal contribution, that is, if there is no prior weakness or disease, *any* exertion connected with the employment and causally connected with the collapse as a matter of medical fact is adequate to satisfy the *legal* test of causation. * * *.

In both situations, with or without prior personal weakness or disease, the claimant must also show that *medically* the particular exertion contributed causally to the heart attack.

Larson, § 38.83, p. 7–237.

Under the Larson test, merely having a heart attack on the job is insufficient to require compensation. This is because, as heart problems are understood, they can result either from external conditions or events (here relating to employment), or from the internal condition of the heart and body itself, or from a combination of the two. Under such a compensation test specific to heart conditions, only those heart attacks resulting solely or largely from employment are compensable.

I would apply the Larson test in this case. Here, the employee had pre-existing heart disease and there was no abnormal or unusual strain in connection with his employment. Under the Larson test, the requirement of legal causation is not satisfied.

I respectfully dissent.