Jack R. **WYNN, deceased, Margaret T. Wynn, Widow, Judy Wynn, Rita Wynn, Raymond Wynn, minor children, Appellants,**

v.

**NAVAJO FREIGHT LINES, INC., Respondent.**

No. 48316.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 4, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 16, 1984.

Application to Transfer Denied Nov. 20, 1984.

William C. Paxton, Independence, for appellants.

Lee E. Wells, Kansas City, for respondent.

CRIST, Presiding Judge.

This is an appeal from a judgment of the Circuit Court of Montgomery County affirming the order of the Labor and Industrial Relations Commission. The Commission denied additional attorneys' fees in a Workmen's Compensation case. We affirm.

The firm Paxton & Block represented claimants Jack R. Wynn, deceased, his widow and minor children. Extensive legal proceedings resulted in death benefits awarded to the claimants under Workmen's Compensation law. Claimants' attorneys applied to the Commission for additional legal fees to compensate for increased expenses. The Commission denied their request. Claimants then appealed to the circuit court. The court affirmed the Commission's denial.

In 1980 an Administrative Law Judge ruled that Wynn's claim was noncompensable. The judge determined that the usual strains of employment caused the death by heart attack of Jack Wynn, an over-the-road truck driver. In 1981 the Commission reversed the judge's ruling and awarded death benefits to the claimants and $10,000 to their attorneys. The Circuit Court of Montgomery County overturned that award on an appeal by the employer. Claimants appealed to the Missouri Court of Appeals, Eastern District. The case was transferred to the Supreme Court of Missouri which affirmed the Commission's award granting benefits. *Wynn v. Navajo Freight Lines, Inc.*, 654 S.W.2d 87 (Mo. banc 1983). Following the Supreme Court ruling, claimants' attorneys applied unsuccessfully to the Commission for additional attorneys' fees.

Claimants contend that limiting the amount awarded for legal services to the original $10,000 granted in 1981 is not fair and reasonable compensation under Section 287.260, RSMo 1978.

■ It is true that additional legal services were provided following the Commission's $10,000 fee award. These services resulted not only in recovery for claimants but in expanded coverage under Workmen's Compensation law. However, it cannot be said as a matter of law that the $10,000 allowance was "so inadequate and so unreasonable as to constitute an abuse of the discretion of the Commission." *Sanderson v. Producers Commission Ass'n*, 241 S.W.2d 273, 275 (Mo.App.1951).

■ Claimants further contend that the Commission was acting outside the scope of its constitutional authority in denying the application for increased attorneys' fees. However, their brief does not properly present or support such a contention. *Sheets v. Thomann,* 336 S.W.2d 701, 707 (Mo.App.1960). We therefore deny the point.

Judgment affirmed.

REINHARD, C.J., and DOWD, J., concur.