Dale F. HAM, Deceased,
Plaintiff-Respondent,

v.

SIKESTON CONCRETE PRODUCTS, a Corporation, and Liberty Mutual Insurance Company, Defendants-Appellants.

No. 14940.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 25, 1987.

James A. Cochrane, III, Finch, Bradshaw, Strom & Steele, Independence, for defendant-appellant Sikeston Concrete Products.

Joseph P. Fuchs, Dempster, Fuchs, Barkett & Pruett, Sikeston, for plaintiff-respondent.

HOGAN, Judge.

This is a Workers' Compensation case. The Labor and Industrial Relations Commission found that the employee sustained a compensable accident within the meaning of § 287.020.2, RSMo 1986, and awarded death benefits as provided by § 287.240, RSMo 1986. The sole question tendered on appeal is whether the award is supported by competent and substantial evidence. We review the Commission's award, and unless it is not supported by substantial evidence or is clearly contrary to the overwhelming weight of the evidence, we do not disturb it. *Barr v. Vickers, Inc.,* 648 S.W.2d 577, 579 (Mo.App.1983); *Malcom v. La-Z-Boy Midwest Chair Co.,* 618 S.W.2d 725, 726 (Mo.App.1981). The award is supported by substantial evidence. Accordingly, we affirm.

Dale F. Ham, the employee, had worked for Sikeston Concrete Products since March 1957. He was the plant manager. In August 1978, Dale had a "heart attack." Thereafter, he curtailed his work activity. As his widow put it, "Instead of doing a lot of the things that he had done before, he delegated his work. He would tell someone else to do things that lots of times he would really supervise doing."

On March 20, 1984, the employee went to work about 6:30 a.m. He worked during the morning, went home for his noon meal and returned to work about 1 p.m. Shortly thereafter an insurance representative arrived to inspect the premises. The employee toured the plant and the grounds with the insurance representative. The inspection of the plant involved a good deal of strenuous exercise. While he was walking on the grounds with the insurance representative, the employee sustained a fatal heart attack.

We conclude the case is governed by *Wynn v. Navajo Freight Lines, Inc.,* 654 S.W.2d 87 (Mo. banc 1983), wherein our Supreme Court applied *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781 (Mo. banc 1983), to the "heart attack" cases which continually arise in workers' compensation litigation. In *Wynn,* our Supreme Court stated:

"*Wolfgeher* teaches that the right to compensation is not lost simply because the strains described are not unusual. It is probable that in most cases of heart attack on the job, the claimant can produce evidence of job relatedness. But the trier of fact, as in this case, must be persuaded of this essential finding. Even though Wynn was in poor health, had a preexisting heart condition, did not take good care of himself, and might have succumbed to a fatal heart attack while off work, possibly caused by different sorts of stress, the right to compensation should exist if the actual triggering causes are found, on the basis of substantial evidence, to meet the 'job related' or 'work related' test of *Wolfgeher.*"

*Id.* at 89–90.[1]

In the case at hand, the question became one of deciding which expert view to accept. The employee's usual or "treating" physician, Dr. William C. Shell, stated that "any unusually strenuous activity in a patient who had previously had a heart attack could precipitate a heart attack" and Dr. Shell was certain that the employee's physi-

---

1. The so-called "job-related" or "work-related" test of compensability stated in *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d at 784, is that "Where the performance of the usual and customary duties of an employee leads to physical breakdown or a change in pathology, the injury is compensable."

cal activity which preceded his fatal heart attack contributed to cause it. Dr. Shell was "certain that the exertion [the employee's activity which preceded his heart attack] was a significant factor in triggering or precipitating the heart attack."

To be sure, the employer and insurer had evidence from a cardiologist who had reviewed the employee's medical records and the depositions on file and who believed that the employee's fatal heart attack was not job-related. It would serve no useful purpose, however, to set out the conflicting medical theories in detail. When the ultimate question upon which the right to compensation depends largely resolves itself into which of two conflicting medical or scientific theories should be accepted, such issue is peculiarly for the determination of the Commission. *Vollmar v. Board of Jewish Education,* 287 S.W.2d 868, 872[4] (Mo.1956); *Conrad v. Royal Brokerage Co., Inc.,* 612 S.W.2d 13, 14–15[2] (Mo.App. 1980); *Stoner v. Dawson Metal Products,* 575 S.W.2d 848, 849 (Mo.App.1978). To reiterate, the judgment is affirmed.

PREWITT, P.J., and FLANIGAN and MAUS, JJ., concur.