Alice Marie GLENN,
Claimant–Appellant,

v.

GENERAL MOTORS CORPORATION,
Employer–Respondent.

No. 57272.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 29, 1990.

Arthur Aaron Hogg, Robert P. Baine, Jr., Clayton, John J. Larsen, Jr., St. Louis, for claimant-appellant.

Daniel J. Harlan, St. Louis, for employer-respondent.

STEPHAN, Judge.

Alice Marie Glenn appeals from the judgment of the Labor and Industrial Relations Commission affirming the decision of the administrative law judge awarding her permanent partial disability but denying compensation for psychological disability, temporary total disability, and medical expenses. We affirm.

On October 22, 1985, appellant, an employee of General Motors Corporation, slipped and fell as she was crossing the assembly line after her morning break. She twisted her right leg under her, hitting her right knee on the floor with her left leg thrust forward. She was taken to the plant dispensary where she was referred to an orthopedic specialist. He released her for light duty work. Because she complained of continued pain which prevented her from performing certain light duties, appellant was assigned various tasks in an effort to find work suitable to her condition. During the following months while on light duty, appellant alleged her supervisor pressured, harassed, and cursed her because he did not believe she was injured. She testified that on January 8, 1986, she began crying uncontrollably, gagging and vomiting, because her supervisor cursed and yelled at her. Appellant left work after the company's medical department advised her to see her own doctor. She never returned.

On January 9, 1986, appellant's own doctor referred her to Dr. Kabir, a psychiatrist, who hospitalized her from January 10 to February 13. For three weeks in May of 1986, Dr. Kabir hospitalized her again for additional psychiatric treatment. Appellant continues to receive outpatient care. Dr. Kabir diagnosed appellant as having anxiety depression caused by her injury and subsequent treatment at work. He assessed her disability at fifty percent.

Dr. Wolfgram, also a psychiatrist, examined appellant on November 25, 1987, at the request of General Motors. Dr. Wolfgram found no clear evidence of psychiatric illness either before or after her injury at work. He concluded that appellant does not have a diagnosable mental illness and has no disabling personality disorder. According to Dr. Wolfgram, appellant is functioning now as she has throughout her adult life with her present state unrelated to her accident in October 1985.

After reviewing the testimony of appellant, Dr. Kabir, Dr. Wolfgram, and two other doctors, the administrative law judge awarded appellant permanent partial disability for injury to both her legs but did not find her psychiatric treatment to be a result of her accident on October 22, 1985. He also found that she was physically able to work but had left her employment due to alleged harrassment. The Labor and Industrial Relations Commission reviewed the evidence and affirmed the award.

■ Appellant's only point reads: "The opinion of a medical expert witness which is based upon an incomplete or otherwise flawed examination does not constitute substantial, competent evidence." This abstract statement of law fails to state wherein and why the Commission erred in violation of Rule 84.04(d). The point preserves nothing for review. *See Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978); Rule 84.13(a). We review, however, for plain error pursuant to Rule 84.13(c). We consider "the whole record in the light most favorable to the decision, deferring to the Industrial Commission when it resolves issues concerning the credibility and weight to be given to conflicting evidence and ... affirm when the decision is supported by competent and substantial evidence." *Ford v. Bi–State Development Agency*, 677 S.W.2d 899, 901 (Mo.App. 1984), quoting *Gold v. Sharp, Kidde, Webb*, 564 S.W.2d 612, 614–15 (Mo.App. 1978).

■ Appellant contends the Commission erred in failing to find that she had a psychiatric illness because the employer's

expert testimony, that of Dr. Wolfgram, was based upon an incomplete examination and did not constitute substantial, competent evidence supportive of the award. Appellant argues that Dr. Kabir was better positioned to make an accurate diagnosis based on his opportunity to examine her almost immediately following the onset of her symptoms and his regular examinations of appellant during and subsequent to her psychiatric hospitalization. After reviewing the whole record, we hold competent and substantial evidence supports the finding that appellant's mental condition is not a work-related disorder.

Although Dr. Wolfgram only examined appellant for one hour and twenty minutes, he relied upon appellant's statements, her life, medical, and psychiatric history, his own experience, and medical reports for his conclusion that she does not have a work-related, psychiatric illness. When the right to compensation depends upon the acceptance of one of two conflicting medical theories, the issue is peculiarly for the determination of the Commission. *Jackson v. H.D. Lee Company*, 772 S.W.2d 742, 749 (Mo. App.1989); *Ham v. Sikeston Concrete Products*, 735 S.W.2d 427, 429 (Mo.App. 1987). We defer to the ruling of the Labor and Industrial Relations Commission which presumably found Dr. Wolfgram's testimony more credible than that of Dr. Kabir. The decision is supported by competent and substantial evidence.

The judgment of the Labor and Industrial Relations Commission is affirmed.

HAMILTON, P.J., and CARL R. GAERTNER, J., concur.