Darlene **KINTZ**, Employee–Respondent,

v.

**SCHNUCKS MARKETS, INC.,**
Employer–Appellant.

No. 65760.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 8, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 8, 1994.

Application to Transfer Denied
Jan. 24, 1995.

John J. Johnson, Jr., Brown & James, P.C., St. Louis, for appellant.

Robert J. Keefe, Randall, Keefe & Griffiths, P.C., St. Louis, for respondent.

KAROHL, Judge.

Schnucks Markets, Inc. (employer) appeals from the Labor and Industrial Relations Commission's (Commission) permanent partial disability award in favor of Darlene Kintz (employee). An award against the Treasurer of Missouri as custodian of the Second Injury Fund is not appealed. We affirm.

Employee was a meat wrapper for nineteen years for employer. Her duties included lifting 25 to 30 pound trays of meat and putting them on a rack. At times she had to lift the trays above her head to place them on the rack. In late 1990 or early 1991, she began having left shoulder problems at work. In April of 1991, Dr. David L. Stronsky, an orthopedic surgeon, operated on her left shoulder. She did not return to work after the surgery. She has not worked at any job since the surgery.

Employee filed a workers' compensation claim in September 1991. The administrative law judge (ALJ) found she "suffered an injury by accident arising out of and in the course of her employment." The ALJ found she suffered a left shoulder rotator cuff tear

and impingement "as a result of her work-related accident on or about April, 1991." The ALJ also found she never provided written notice of her injury, but that this failure to notify did not prejudice employer because it was "aware of the circumstances of the claimant's work activities and the claimant sought prompt medical treatment so as to minimize her injury." In the absence of prejudice, notice within 30 days of an accident will not foreclose a workers' compensation claim where the accident is causal. Section 287.420 RSMo 1986.

The Commission modified the ALJ's findings. The Commission found there was no single-event accident, but rather that employee suffered repetitive trauma on the job. The Commission found that "the operative inquiry is whether there was a medical-causal relationship between the claimant's injuries and her work duties." The Commission also found the notice statute, § 287.420 RSMo 1986, is inapplicable to this repetitive trauma case.

■ Generally, the standard of review in a workers' compensation case is limited. We must review the entire record to determine whether the Commission's award is supported by competent and substantial evidence. *Willis v. Jewish Hospital*, 854 S.W.2d 82, 84 (Mo.App.E.D.1993). All evidence and inferences must be viewed in a light most favorable to the award. *Id.* An appellate court will not substitute its judgment for that of the Commission, even if this court would have made a different initial conclusion. *Id.* Where the issue involves only a matter of law we review independently. *Ikerman v. Koch*, 580 S.W.2d 273, 278 (Mo. banc 1979).

■ Employer's first point on appeal is the Commission erred in finding it is not necessary to find a specific traumatic accident in order to find a compensable injury.

This point fails for several reasons. First, our Supreme Court has broadly interpreted the definition of "accident" as a basis for a workers' compensation claim. It decided, so long as an injury is clearly job related, it seems inconsistent and inequitable to deny compensation for an injury, but to allow compensation for an occupational disease or illness. *Wolfgeher v. Wagner Cartage Service, Inc.*, 646 S.W.2d 781, 785 (Mo. banc 1983). This principle was reinforced in *Wynn v. Navajo Freight Lines, Inc.*, 654 S.W.2d 87 (Mo. banc 1983). In *Wynn* the Court found "the right to compensation should exist if the actual triggering causes are found, on the basis of substantial evidence, to meet the 'job related' or 'work related' test of *Wolfgeher.*" *Id.* at 89–90.

■■ Second, an injury, taken alone, does not constitute an accident within the meaning of the workers' compensation statute. *Wolfgeher*, 646 S.W.2d at 783. However, proof of repetitive trauma, causation and resulting injury is compensable.

Employee's injury was job related, and, thus, compensable under *Wolfgeher* and *Wynn*. Dr. Stronsky, who testified on behalf of employee, opined that her shoulder injury was work related. Dr. Joseph H. Morrow, Jr., D.O., who also testified on behalf of employee, opined that her shoulder injury was associated with repetitive use of her left arm at work. Dr. John Gragnani, a specialist in physical and occupational medicine, who testified on behalf of employer, opined that it was possible that the rotator cuff would be aggravated by the repetitive use at work. Finally, Dr. Sandra L. Tate, a physiatrist, who testified on behalf of the Second Injury Fund, opined that employee sustained 20 percent permanent partial disability to the left shoulder as a result of her repetitive trauma at work. Thus, employee's claim is for a covered "accident" within the *Wolfgeher* decision. Point denied.

■ Employer's second point is the Commission erred in finding it is not necessary to give notice in cases described as repetitive trauma.

Employer's second point also fails for the following reasons. First, employer mischaracterizes what the Commission found. The Commission did not find that an employee does not have to give *any* notice to an employer in repetitive trauma cases. Rather, the Commission found that § 287.420 RSMo 1986, which requires notice to the employer within 30 days of the identified date of a

single-event accident, does not apply to cases of repetitive trauma. The Commission was not asked to consider, and we do not review here, a case where causation of injury from job-related activities was known to employee on a particular date but withheld from employer and prejudice to the defense of the claim was the result. The characteristic of a job-related injury without an identified traumatic event is that the employee does not have knowledge of causation without an expert's diagnosis. Accordingly, this is not a case where actual knowledge of causation occurred on an identified date. There may be cases where notice is required for a claim of injury from repetitive trauma.

Second, § 287.420 RSMo 1986 presupposes knowledge of a work-related injury. An employee cannot give "written notice of the time, place and nature of the injury" where he does not know and could not know facts which the notice requires. Thus, the statute is inapplicable to the facts of a repetitive trauma case such as this one, at least until the claimant has knowledge of those facts which must be in timely notice.

Finally, employer does not claim the lack of timely notice adversely affected its defense of the workers' compensation claim. Point denied.

Employer's final point is the temporary total award should be modified because the Commission erred in finding that benefits should begin before the injury became compensable. It contends the injury could not become compensable until April 5, 1991, yet the Commission awarded benefits beginning April 1, 1991.

In those cases based on repetitive trauma, the employee has to prove: 1) the injury arose out of and in the course of employment; 2) causation from job-related activities; and 3) nature and extent of disability. In single traumatic accident cases, an employee must also prove date of accident and, if contested, timely notice. These proofs for a claim filed after a single traumatic accident are not required in the present case. In lieu thereof, employee had to prove her claim of repetitive trauma caused her job-related injury. In this case, she proved her work activities caused the injury

beginning at some point while she was a meat wrapper and continuing until the time she terminated employment in April of 1991. The Commission awarded compensation from April 1, 1991, which was within the period of proof. Point denied.

Affirmed.

AHRENS, P.J., and SIMON, J., concur.