Harlan GILLAM, Respondent/Employee,

v.

**GENERAL MOTORS CORPORATION,**
Appellant/Employer.

No. 67787.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 19, 1995.

Harlan & Harlan, John P. Zimmerman, St. Louis, for Appellant.

Robert H. Sihnhold, St. Louis, for Respondent.

KAROHL, Judge.

General Motors (Employer) appeals an award of the Labor and Industrial Relations Commission (Commission) in favor of Harlan Gillam (Employee). Employer contends: (1) the claim is barred by the statute of limitations, § 287.430 RSMo Cum.Supp.1992; (2) the time limitation was two years not three years; and, (3) the Commission erred in determining the rate of compensation. We affirm in part, and remand to modify award.

Employee worked for Employer for twenty-nine years. He was employed as a paint sprayer. His job required him to continually stand and walk on a metal grate eight hours a day. In 1981, he began experiencing pain in his left foot. He informed his foreman and subsequently went to Employer's medical department. However, nothing was done. Instead, he was told to "put on a comfortable pair of shoes, [and] go back to work."

Late 1988, the pain became severe. He went to a podiatrist for treatment. He received several cortisone injections and physical therapy, which did little to alleviate his pain. In 1989, the podiatrist performed surgery on three separate occasions: January 20, 1989, for a heel spur; April 21, 1989, for

tarsal tunnel; and September 1, 1989, for neuroma excision. He missed about ten months from work.

Employee filed a workers' compensation claim January 14, 1992, for disability to his left leg. Dr. Joseph Morrow, an osteopathic surgeon, testified by deposition for Employee. He examined Employee on May 19, 1992, and rated his permanent partial disability at 50 percent at "the left lower extremity at the tarsal metatarsal joint level of the left ankle." He attributed Employee's foot problems to repetitive and prolonged standing, walking and squatting on a steel grate at work.

Employer submitted various medical records and the depositions of two doctors. Dr. Ralph Graff, a general surgeon, examined Employee on August 19, 1992, and concluded surgery cured his condition. The Commission gave little weight to his testimony because his opinion on causation and permanent partial disability were confusing. Dr. Daniel Phillips, a physician, did not examine Employee's foot because it was bandaged from surgery. However, the Administrative Law Judge (ALJ) noted Dr. Phillips testified to the following with regard to Employee's foot problem:

> [Employee] told me about a heel spur removed in January of '89 and following nerve conduction studies in April of this year [1991] he had tarsal tunnel surgery on the left foot. He was sent to physical therapy and describes the development of a Morton's neuroma which was resected last week.
>
> He told me that the person that performed the nerve conduction studies told him that the tarsal tunnel is from his standing at work and this will be submitted as a Workmen's [sic] Compensation injury.

The ALJ found the evidence supported an award of 37 percent permanent partial disability at the tarsal metatarsal joint level of the left ankle; disability benefits totaled $11,853.14. The Commission affirmed by adopting the ALJ's decision. It attached and incorporated by reference the opinion of the ALJ.

We review the entire record to determine whether the Commission's decision is supported by competent and substantial evidence. *Kintz v. Schnucks Markets, Inc.,* 889 S.W.2d 121, 123 (Mo.App.E.D.1994). We view all evidence and inferences in the light most favorable to the award and disregard evidence that would support a different finding. *Id.*

We consider Employer's first two points in tandem. Employer contends Employee's claim is time barred under § 287.430 RSMo Cum.Supp.1992 and the time limitations on this claim is two years rather than three.

Under § 287.063.3 RSMo 1986, the statute of limitations does not begin to run on occupational disease claims "until it becomes reasonably discoverable and apparent that a compensable injury has been sustained." *Mann v. Supreme Express,* 851 S.W.2d 690, 691 (Mo.App.E.D.1993). Such a finding is a question of fact determined by the Commission. *Moore v. Carter Carb. Div. ACF Industries,* 628 S.W.2d 936, 940 (Mo.App.1982). The standard for the running of the statute of limitations requires a disability or injury that is compensable. *Sellers v. Trans World Airlines, Inc.,* 752 S.W.2d 413, 416 (Mo.App.1988). Compensability turns on the employee proving by competent and substantial evidence a causal relationship existed between the disability and his employment. *Id.* An employee cannot be expected to institute a claim unless it is based on reliable information that conditions in the work place caused employee's disability. *Id.* An employer shall compensate an employee for occupational diseases that arise in the course of employment. *Id.* at 415.

Here, Employee's heel spur, tarsal tunnel syndrome and neuroma were occupational diseases. His condition became apparent in 1988 and 1989. In 1989, he underwent three surgeries and took time from work due to his foot conditions.

The Commission used May 19, 1992, as the date the statute of limitations began to run. On that date, Dr. Morrow examined Employee and furnished a medical report containing his opinion of disability and work related causation. Dr. Morrow opined the repetitive

and prolonged standing, walking, and squatting on a hard steel grate at work caused 50 percent permanent partial disability to Employee's left foot.

■ The parties' arguments focus on when the statute of limitations began. The evidence supports a finding Employee knew even before May 19, 1992, his injury was work related. There is evidence Employee was informed or reasonably discovered his foot problems were work related during Dr. Phillips' physical examination, September 8, 1989. Dr. Phillips testified Employee told him he had been medically advised his foot problem was work related and he was planning to file a workers' compensation claim. On that date, Employee was aware he had a compensable injury. There is no finding Dr. Phillips' recollection of Employee's history was not credible. Employee did not deny he made this statement to Dr. Phillips. Thus, the statute of limitations began as early as September 1989, not May 19, 1992.[1]

■ In determining whether the January 14, 1992, claim is time barred, we must determine whether a two year or three year time limitation applies. Section 287.430 RSMo Cum.Supp.1992:

> ... no proceeding for compensation under this chapter shall be maintained unless a claim therefor is filed with the division within two years after the date of injury or death, or the last payment made under this chapter on account of the injury or death, except that if the report of the injury or the death is not filed by the employer as required by section 287.380, the claim for compensation may be filed within three years after the date of injury, death, or last payment made under this charter on account of the injury or death....

Here, Employer acknowledges it never filed an injury report. On appeal, Employer claims this was due to Employee's failure to give notice of a work related disease. However, the parties stipulated at the administrative hearing that notice of work related disease was not an issue. Employer has waived this point on appeal. Further, Employer does not claim any prejudice from lack of notice. Moreover, Employer had reasonable notice of Employee's condition. Employee told his foreman about his foot pain and went to the medical dispensary of the company, but nothing was done. In 1988 and 1989, he told his foreman he "was having a lot of trouble" and he needed surgery. He had three foot surgeries in 1989 and missed about ten months of work. Employee's dispensary records included references to these foot problems. Employer had notice and opportunity to investigate the cause of disability, but failed to do so. The three year time limitation is applicable since Employer failed to file an injury report. The statute began to run September 1989, and would have expired in September 1992. Employee timely filed his claim on January 14, 1992.

Employer next contends the Commission erred in determining the rate of compensation. The parties stipulated at the hearing the maximum rate of compensation should be determined as of the date the statute of limitations began to run on the claim. The Commission used May 19, 1992, as the date and found Employee's weekly rate of compensation to be $213.57. We find the statute began to run on September 8, 1989. September 1989, is the applicable date the rate of compensation should be determined.

We affirm the Commission's decision that Employee is entitled to an award. However, we reverse and remand to allow the Commission to modify the award to reflect the maximum rate of compensation during September 1989.

REINHARD, P.J., and RHODES RUSSELL, J., concur.

---

1. Employee may have known he had a compensable claim for an occupational disease prior to that date, but, there is no evidence to support a finding he previously had such knowledge or when that may have occurred.