Raymond R. STAAB, Deceased and Shirley M. Staab, Dependent, Plaintiffs-Appellants,

v.

LACLEDE GAS COMPANY, Defendant-Respondent.

No. 48744.

Missouri Court of Appeals, Eastern District, Division One.

April 2, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1985.

Application to Transfer Denied June 25, 1985.

Daniel K. Atwill, Columbia, for plaintiffs-appellants.

Raymond J. Flunker, Evans & Dixon, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

The issue in this case is whether an employee's death during the continued performance of his duties constitutes grounds for worker's compensation death benefits. We find that it does not.

This action arose subsequent to the death of Raymond Staab, an employee of Laclede Gas Company. Staab sustained a fatal heart attack while on the job and a claim for compensation was later filed by appellant, Staab's widow, pursuant to Missouri's Worker's Compensation Statute. This case is one involving the question of whether the Circuit Court of St. Louis County properly found that the Industrial Relations Commission's decision denying compensation was supported by competent and substantial evidence.

On April 8, 1980, at approximately 7:00 a.m., Staab arrived at work. His assignment was to drive a single axle dump truck and pull a trailer of tri-axle design, which was used for the hauling of equipment. At approximately 8:00 a.m., William Stewart, a crew supervisor for Laclede, passed Staab and his equipment. Staab was parked with his vehicles half way off the pavement. He was alone with his truck. Stewart observed Staab standing on the running board of the truck.

Stewart turned his vehicle around and pulled behind the trailer. He direct Staab to align the truck with the trailer. He then waived to Staab to come back and see if the alignment was accurate. Staab did not appear. Stewart then looked around the truck and saw Staab lying in the street.

Appellant, Shirley M. Staab, contends the trial court erred in affirming the Labor and Industrial Relations Commission's decision denying her death benefits because the weight of the evidence establishes that the decedent died as a result of job related cardiac arrest.

Respondent, Laclede Gas, has conceded that all of the basic elements of a compensable worker's compensation claim are present except for the causal relationship between the death of the employee and his employment. Respondent argues that it is the lack of this causal relationship that compels denial of the claim.

The Missouri Supreme Court en banc recently expounded on the history of worker's compensation in Missouri. *See,* *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781 (Mo. banc 1983). The end result of *Wolfgeher* was to abandon a narrow construction of the term "accident" and attain congruency with the majority of states which have eliminated the abnormal or unusual strain requirement. *Wynn v. Navajo Freight Lines, Inc.,* 654 S.W.2d 87, 89 (Mo banc 1983). All that is required to entitle an employee to compensation benefits is that the injury be work induced and occur during the performance of an employee's usual duties. *Wolfgeher; Wynn.*

This test holds true for those employees whose injury is in the form of a fatal heart attack. As stated in *Wynn:*

It is probable that in most cases of heart attack on the job, the claimant can produce evidence of job relatedness. But the trier of fact, as in this case, must be persuaded of this essential finding. Even though Wynn was in poor health, had a preexisting heart condition, did not take good care of himself, and might have succumbed to a fatal heart attack while off work, possibly caused by different sorts of stress, the right to compensation should exist if the actual triggering causes are found, on the basis of substantial evidence, to meet the 'job related' or 'work related' test of *Wolfgeher.*

*Wynn,* 654 S.W.2d at 89, 90.

In resolving the case at bar, it must be remembered that claimant bears the burden of proving her claim to be within the Worker's Compensation Law's provision. *Kinney v. City of St. Louis,* 654 S.W.2d 342, 343 (Mo.App.1983). The evidence relating to the cause of death was presented in the form of depositions by Drs. Victor Pallefa, Fayaz A. Hanna and John D. Davidson. The doctors agreed that the attack could have been brought on by activity or other external causes. Likewise, it was also stated that the attack could reasonably be explained as a spontaneous event in the life of Staab's coronary artery disease. If the former, the death would be compensable. If the latter, there is no compensation.

 Mere proof of an employee being found dead at his place of employment [or] during the hours of employment does not give rise to any presumption that he suffered an accident. *Russell v. Southwest Grease and Oil Company,* 509 S.W.2d 776, 780 (Mo.App.1979). It is incumbent upon the claimant to offer affirmative evidence to carry her burden of proof on that element of the case. Where the element of accident did not plainly appear, nor is it inferable from the surrounding circumstances that the employee's death resulted from an accident rather than from natural causes, the death is not compensable. *Kinney.*

Lastly, while a different conclusion could possibly be drawn from that of the Commission, it is for the Industrial Relations Commission to weigh the evidence and draw pertinent inferences. Our standard of review is that if the Commission's decision is supported by competent evidence on the whole record and is not clearly contrary to the overwhelming weight of the evidence, the Commission's decision will be affirmed. *Petersen v. Central Pattern Co.,* 562 S.W.2d 153, 155–6 (Mo.App. 1978).

Judgment affirmed.

GAERTNER and KAROHL, JJ., concur.