**Harold RAINES, deceased, Dorothy Raines, Widow, et al., Claimants-Appellants,**

v.

**CITY OF ST. LOUIS, Employer-Respondent.**

No. 50540.

Missouri Court of Appeals, Eastern District, Division One.

May 20, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 1986.

Rita M. Montgomery, St. Louis, for claimants-appellants.

James J. Wilson, City Counselor, Robert H. Dierker, Jr., Timothy G. Noble, Associate City Counselors, St. Louis, for employer-respondent.

CARL R. GAERTNER, Presiding Judge.

■ Claimants, the widow and the unemancipated children of decedent employee, appeal from an award of the Labor and Industrial Relations Commission denying them worker's compensation death benefits. Respondent employer, the City of St. Louis, moves to dismiss the appeal asserting claimants have failed to comply with Rule 84.04, which prescribes the content of appellate briefs. That claimants have failed to comply with Rule 84.04 in several material respects is undeniable. Their statement of facts and their points relied upon are not even marginally acceptable. Nevertheless, we deny respondent's motion in the interests of judicial economy and dispose of the appeal on its merits.

■ Claimant's decedent was a maintenance worker employed by the City of St. Louis Water Department. While performing his regular duties he suffered a heart attack and died. An autopsy revealed the attack was incident to atherosclerotic heart disease. Though claimants did not deny decedent had a pre-existing heart condition, they asserted the precipitating or immediate cause of the fatal attack was the physical stress of turning a water main valve. Claimants' evidence that decedent's heart attack was work-induced did not persuade the Labor and Industrial Relations Commission. Accordingly, claimants were denied worker's compensation death benefits.

Whether decedent's heart attack was induced by the strain of labor was a question of fact which the Commission resolved adversely to claimants. Because the power to judge the credibility of witnesses, to resolve conflicts in testimony, to weigh evidence, and to draw factual inferences is vested in the Commission as trier of fact, our role in reviewing the Commission's award is limited. We examine the record in the light most favorable to the award. If we find the award is supported by competent and substantial evidence, we do not disturb it. *Dillard v. City of St. Louis,* 685 S.W.2d 918 (Mo.App.1984).

The Commission's determination that decedent's heart attack was not work-induced is supported by the testimony of respon-

dent's medical expert that decedent's heart attack was the result of the progression of his heart disease and "not consequent to immediately preceding effort." Claimant's medical expert did no more than state generally that the strain of labor can induce a heart attack in one who suffers from heart disease, and that the effect of stress on one with heart disease is a "gray zone." That the Commission gave the statement of respondent's expert more credence is therefore not surprising.

The testimony of one of decedent's co-workers to the effect that the work decedent was doing just before he died was not particularly strenuous also supports the Commission's determination. Though claimants did submit testimony of another co-worker to the effect that the work was difficult, the testimony was apparently unpersuasive and the Commission was free to reject it.

Because the Commission's award is supported by substantial competent evidence we will not disturb it.

The award is affirmed.

SMITH and SNYDER, JJ., concur.