Bonnie D. COUNTS,
Claimant–Respondent,

v.

JOHN FABICK TRACTOR COMPANY,
Employer–Appellant.

No. 53441.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 23, 1988.

Daniel L. Steigerwald, St. Louis, for employer-appellant.

Thomas J. Gregory, St. Louis, for claimant-respondent.

REINHARD, Judge.

Employer appeals from a final award allowing compensation of the Labor and Industrial Relations Commission (the "Commission"), affirming an award of workers' compensation death benefits to

claimant. The issue presented is whether there is sufficient evidence to support the Commission's finding that an employee's death by heart attack was triggered by work-related activity. The evidence supports such a finding. We affirm.

Carroll E. Counts, claimant's husband, was an employee of John Fabick Tractor Company. He sustained a heart attack which caused his death while on the job, and a claim for compensation was filed by his widow. The Administrative Law Judge found the employee sustained a compensable injury, resulting in his death, that arose in the scope and course of his employment and awarded death benefits to the widow. This decision was affirmed by the Commission.

On appeal, employer argues the evidence does not support the Commission's finding that the triggering cause of Counts's fatal heart attack was work related.

This issue is a question of fact, which was resolved by the Commission in favor of claimant. The power to judge the credibility of witnesses, to resolve conflicts in testimony, to weigh evidence, and to draw factual inferences is vested in the Commission as trier of fact. We examine the record in the light most favorable to the award. If the award is supported by competent and substantial evidence, we do not disturb it. *Raines v. City of St. Louis*, 711 S.W.2d 544 (Mo.App.1986).

The Missouri Supreme Court has held all that is required to entitle an employee to compensation benefits is that the injury be work induced and that it occur during the performance of an employee's duties. *Wolfgeher v. Wagner Cartage Service, Inc.*, 646 S.W.2d 781, 784–85 (Mo. banc 1983).

In applying the *Wolfgeher* rule to an on-the-job fatal heart attack, it was stated in *Wynn v. Navajo Freight Lines, Inc.*, 654 S.W.2d 87, 89–90 (Mo. banc 1983),

> *Wolfgeher* teaches that the right to compensation is not lost simply because the strains described are not unusual. It is probable that in most cases of heart attack on the job, the claimant can produce evidence of job relatedness. But the trier of fact, as in this case, must be persuaded of this essential finding.... [T]he right to compensation should exist if the actual triggering causes are found, on the basis of substantial evidence, to meet the "job related" or "work related" test of *Wolfgeher*. No need exists for having one test for heart attacks and another for other injuries brought on by the usual duties of employment.

Co-worker Michael Donovan stated he worked with Counts for about a half-hour to 45 minutes in the morning on the day Counts died, and he ate lunch with him. Donovan testified Counts was working on a "walking motor," which weighed from 250 to 275 pounds. He said Counts did the physical part of the job and would have pushed and maneuvered the motor on a winch within an hour to hour and a half of his death.

Dr. Edward Massie, claimant's medical expert, was board certified in cardiology, cardiovascular disease, and internal medicine. He had examined all of the exhibits used in the hearing, including the depositions of co-employees and the medical records. In response to a hypothetical question, Dr. Massie testified with reasonable medical certainty that the pushing and maneuvering of a 270 pound motor on a winch within an hour to an hour and a half was the triggering cause of Counts's death.

Employer's medical expert, cardiologist Dr. Scott Nordlicht, testified that, based on the testimony of Donovan that Counts had complained occasionally of pain in his arms, he believed Counts suffered from significant coronary artery disease. He admitted, however, the cause of the arm-pains could have been muscular in origin. Dr. Nordlicht did not believe Counts' activities at work the day he died directly caused his death, but Dr. Nordlicht was unsure.

In the cases relied on by employer, the Commission found the essential facts in favor of the employer, and we affirmed. *See Wiedmaier v. Robert A. McNeil Corp.*, 718 S.W.2d 174 (Mo.App.1986); *Raines*, 711 S.W.2d 544; *Staab v. Laclede Gas Co.*, 691

S.W.2d 343 (Mo.App.1985); *Kinney v. City of St. Louis,* 654 S.W.2d 342 (Mo.App. 1983). Here, the Commission could properly choose between the conflicting testimony of the medical experts, *Griffin v. Evans Electrical Construction Co.,* 529 S.W.2d 172, 179 (Mo.App.1975), and it could accept the opinion of Dr. Massie, based on the testimony of co-worker Donovan. It was not required to believe co-worker Roger Martin's testimony that the motor weighed considerably less than 270 pounds. Substantial and competent evidence supports the Commission's finding that Counts's fatal heart attack was triggered by pushing a motor in the course of his employment and, thus, that his injury was work related.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.