**Herman ARENS, Deceased, Fredonia Arens, Dependent, Claimant–Respondent,**

v.

**DELCON CORPORATION and United States Fidelity and Guaranty Company, Employer and Insurer–Appellants.**

**No. WD 40586.**

Missouri Court of Appeals,
Western District.

Nov. 22, 1988.

Kelly Pool, Hendren and Andrae, Jefferson City, for employer and insurer-appellants.

Roger J. Staab, Staab & Caruso, Kansas City, for claimant-respondent.

Before LOWENSTEIN, P.J., and TURNAGE and COVINGTON, JJ.

TURNAGE, Judge.

This is a Worker's Compensation claim brought by the widow of Herman Arens. An Administrative Law Judge found the death of Arens to be work related and thereby awarded compensation. On appeal to the Labor and Industrial Relations Commission, the decision was affirmed.

Delcon Corporation, Arens' employer, contends there was no evidence to support the finding that the death was related to Arens' employment. Affirmed.

Arens was employed as an electrician at the Callaway Nuclear Power Plant in Callaway County from June 27, 1983 until his death on November 2 of the same year. Prior to his death Arens had suffered a myocardial infarction, and at the time of death was taking medication for his arteriosclerosis. A few months after signing up with Delcon, on September 27, Arens was required to begin working ten hours per day six days a week and eight hours on Sunday; he continued working these hours until his death on November 2. He was required to time-in and be ready to commence work at 7:00 each morning. Shortly before 7:00 a.m. on November 2, 1983, Arens had timed-in and was in a tool shed at the Callaway plant getting ready to begin work when he collapsed. He was taken to a hospital where he was pronounced dead; the cause of death being declared cardiac arrest.

Dr. John Balhuizen testified that after examining the death certificate and at least a part of the medical records of Arens, he believed Arens' death was caused by ventricular fibrillation of the heart muscle. Dr. Balhuizen stated that Arens was suffering from coronary artery disease and explained that there is a zone in the heart between the healthy heart muscle and the diseased muscle and that this particular zone is especially susceptible to progressive ischemia (a loss of oxygen) which often occurs in people with significant coronary artery disease who are subjected to different types of stress. Dr. Balhuizen stated that in his opinion the stress of Arens' work, particularly the long hours, caused his progressive ischemia which in turn led to the fibrillation which caused the cardiac arrest.

The employer produced the testimony of Dr. William Voss who testified that in his opinion the stress of Arens' work did not contribute to his death. Dr. Voss clarified his position by stating that he was not alleging that the conditions of Arens' employment did not in any way contribute to his death. Dr. Voss admitted that there was stress connected with the long hours Arens was working and acknowledged that this could have accelerated the progress of Arens' heart disease. Furthermore, Dr. Voss stated that this additional risk factor (the long hours) was the straw that broke the camels' back.

In *Wolfgeher v. Wagner Cartage Service, Inc.*, 646 S.W.2d 781, 784 (Mo. banc 1983), the court stated:

Where the performance of the usual and customary duties of an employee leads to physical breakdown or a change in pathology, the injury is compensable.

Although *Wolfgeher* did not involve a heart attack, the court had occasion to ad-

dress such a situation in *Wynn v. Navajo Freight Lines, Inc.*, 654 S.W.2d 87 (Mo. banc 1983). In *Wynn* the employee suffered a fatal heart attack which the Commission found to have been caused by an over-exertion, unusual to the employee, which aggravated his preexisting heart disease. *Wynn* noted that *Wolfgeher* had abolished the requirement that an abnormal or unusual strain was required to be shown before an accident could be found within the meaning of compensation law. The court stated:

> Even though Wynn was in poor health, had a preexisting heart condition, did not take good care of himself, and might have succumbed to a fatal heart attack while off work, possibly caused by different sorts of stress, the right to compensation should exist if the actual triggering causes are found, on the basis of substantial evidence, to meet the "job related" or "work related" test of *Wolfgeher*.

*Id.* at 89.

The court in *Wynn* could have been talking about Arens because the facts in this case are nearly identical with those in *Wynn*. The evidence was that Arens was a heavy smoker and sought little medical advice, even after suffering a heart attack in 1979. The employer contends there is no evidence on which the Commission could have based its decision that Arens' death was related to his employment. The testimony of both Dr. Balhuizen and Dr. Voss set out above demonstrates that there was ample medical evidence from which the Commission could and did find that Arens' cardiac arrest was triggered by the stress of his working 68 hours per week. This satisfies the test that the cardiac arrest was job related as required by *Wolfgeher*. 646 S.W.2d at 785.

The decision of the Commission is supported by substantial evidence and is affirmed.

All concur.