Harold A. FOLEY, Decedent–Employee,

and

Bernice Foley (widow), and Christine Foley (daughter), Claimants–Respondents,

v.

PIPEFITTERS UNION, LOCAL NO. 562, Employer–Appellant,

and

U.S. Insurance Group, Insurer–Appellant.

No. 55379.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 10, 1989.

John J. Johnson, Jr., St. Louis, for appellants.

Richard J. Baugh, Clayton, for claimants-respondents.

CRANDALL, Presiding Judge.

The Pipefitters Union, Local 562 (Union) and its insurer, U.S. Insurance Group (Insurer), appeal from the award by the Labor and Industrial Relations Commission of workers' compensation death benefits to the dependents of deceased employee, Harold A. Foley (decedent). We affirm.

At the administrative hearing, the evidence established that decedent was Union's business manager. On July 21, 1984, incident to his employment, decedent was in charge of the annual picnic for members of the Union and their families. The temperature outside was approximately 90 degrees and the terrain of the Union complex was hilly. For several years prior to that date, decedent had been under a physician's care for the treatment of health problems related to coronary artery disease. At the picnic, while actively supervising the activities which were scattered throughout the complex, decedent suffered a heart attack and died a short time later. The parties stipulated that decedent was acting in the course of his employment.

The administrative law judge (ALJ) found that decedent's activities in the heat of the day "caused further injury to his diseased cardiovascular system, eventuating in his death within a few hours." The ALJ awarded certain death benefits to decedent's wife and daughter. The Labor and Industrial Relations Commission (Commission) affirmed the ALJ's award.

In their sole point on appeal, Union and Insurer allege that the Commission erred in its award because there was no substantial evidence of a causal connection between decedent's death and his activities at the picnic.

Upon review, an award of the Commission may be overturned only if it is not supported by substantial evidence or when it is clearly contrary to the overwhelming weight of the evidence. *Johnson v. City of Duenweg Fire Dept.*, 735 S.W.2d 364, 366 (Mo. banc 1987). It is the duty of the reviewing court to determine from the record as a whole whether the Commission could reasonably have made its findings and award reviewing the record in the light most favorable to the findings of the Commission. *Id.*

At the hearing in the present case, a lay witness testified that he saw decedent at the Union picnic while decedent was traversing the Union complex to oversee the picnic. Decedent had just climbed a steep hill. At that time decedent was sweating profusely and breathing heavily. Fifteen minutes later, decedent collapsed. Decedent's physician testified that the excessive heat of day and climbing the hills at the Union complex were "contributing factors" to decedent's heart attack. The treating physician stated that within a reasonable degree of medical certainty the conditions of the day and decedent's physical exertion directly contributed to his heart attack. A second physician who testified on behalf of Union and Insurer acknowledged that decedent's activities in the heat of the day could be contributing factors to decedent's heart attack.

The medical testimony, coupled with the evidence of a non-medical nature, was sufficient to sustain the award. Decedent's work need not have been the sole or primary cause of his injury. *See Ford Motor Co. v. Dickens*, 700 S.W.2d 484, 487 (Mo. App.1985). Despite decedent's poor health, preexisting heart condition, and failure to take good care of himself, heat and exertion were found on the basis of substantial evidence to be the triggering causes of decedent's heart attack. *See Wynn v. Navajo Freight Lines, Inc.*, 654 S.W.2d 87, 89–90 (Mo. banc 1983); *see also Dickens*, 700 S.W.2d at 486–487. There was substantial evidence that decedent's performance of his duties on the day of the picnic contributed to his death. Union and Insurer's point on appeal is denied.

The judgment is affirmed.

REINHARD, and CRIST, JJ., concur.