**John KOLDE, deceased, by Patricia KOLDE, dependent, Appellant,**

v.

**ST. LOUIS COUNTY, Missouri, Employer.**

No. 58511.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 26, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 8, 1991.

Application to Transfer Denied June 11, 1991.

Rothman, Sokol, Adler, Barry & Sarachan, Richard A. Barry, III, St. Louis, for appellant.

County Counselor, St. Louis County, Daniel Barlett, Jr., Associate County Counselor, Clayton, for employer.

KAROHL, Judge.

This is a worker's compensation case. Claimant, Patricia Kolde, appeals from an award of the Labor and Industrial Relations Commission (Commission) denying compensation for the death of employee, claimant's husband. On appeal claimant argues the award of the Commission should be reversed because there is not

sufficient competent evidence in the record to support the denial of compensation. We affirm.

John Kolde was a fifteen year veteran of the St. Louis County Police Department. On January 13, 1987, Kolde was on duty, in uniform, within his assigned patrol area when he died from a single gunshot wound to the center of his forehead. Members of the police department found Kolde at a firehouse station on Old Jamestown Road. They also found Kolde's weapon loaded with six rounds, five live and one discharged. The medical examiner determined, and the parties concede, Kolde's cause of death was suicide by self-inflicted gunshot wound.

Claimant filed a claim for compensation alleging "Employee's death was a result of depression induced by job related stress." Employer denied (1) Kolde "sustained an accident resulting in claimant's suicide in the course of or arising out of claimant's employment on the date and time alleged"; and (2) Kolde's "suicide occurred as a result of any work-related activity or stress."

The administrative law judge made the following findings of fact.

I find that the suicide of the claimant occurred on the job. However, I must regretfully conclude that the case is not compensable because the suicide of the claimant was caused not by job stress alone but by several other factors in combination therewith. I find the following also contributed to claimant's suicide, and we cannot say his suicide was due solely and entirely to job stress.

I. Prior major depression such as suffered by his father in his forties.

II. The loss of his parents in about 1984.

III. The inheritance he received some months later.

IV. Delusion of cancer of the rectum.

It is not sufficient that proof show that claimant's death may have been caused by one of two or more events or factors, for only one of which the employer is liable.

The Commission affirmed the award of the administrative law judge and expressed an additional reason for denying compensa-

tion: Section 287.120.3 prohibits the award of compensation in cases where death is due to an intentional self-inflicted injury. This section provides:

No compensation shall be allowed under this chapter for the injury or death due to the employee's intentional self-inflicted injury, but the burden of proof of intentional self-inflicted injury shall be on the employer or the person contesting the claim for allowance. Section 287.-120.3 RSMo Cum.Supp.1990.

Claimant presents two points on appeal. First, claimant argues the finding affirmed by the Commission that the suicide was caused by nonwork-related factors, in addition to job stress, was not based upon competent and substantial evidence. Second, claimant argues there was not sufficient competent evidence in the record to prove Kolde died as a result of intentional suicide; and therefore, the Commission erred when it found § 287.120.3 RSMo Cum.Supp.1990 prevented compensation in the instant case.

■ We review the award of the Commission under § 287.495 RSMo 1986. We review whether the facts found by the Commission support the denial of an award, § 287.495.1(3), and whether there was sufficient competent evidence in the record to warrant the award of no compensation, § 287.495.1(4). *Pierce v. St. Joe Minerals,* 807 S.W.2d 110 (Mo.App.1990). Claimant bears the burden of showing the right to compensation exists. *Wynn v. Navajo Freight Lines, Inc.,* 654 S.W.2d 87, 89 (Mo. banc 1983). Claimant can meet her burden by proving, on the basis of substantial evidence, that the actual triggering causes of the suicide meet the "job related" or "work related test" enunciated in *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781 (Mo. banc 1983). *Id.* at 89–90. After claimant meets her burden, the employer must assert and bears the burden of proof of the statutory defense of intentional self-inflicted injury. *Mershon v. Missouri Public Service Corp.,* 359 Mo. 257, 221 S.W.2d 165, 168 (1949).

■ Assuming arguendo that claimant sustained her burden of proving Kolde's suicide was job-related, we address claim-

ant's second point on appeal. Because of the provisions of § 287.120.3, the disputed issue is whether there is sufficient competent evidence in the record to prove Kolde died as a result of "intentional" suicide. In *Mershon* the Missouri Supreme Court conceded self-destruction is never prompted by a normal mind. *Id.*, 221 S.W.2d at 169. Yet the court determined a suicide is intentional if it is done with sufficient mental power to know the purpose and effect of the act. *Id.* Thus, in order to prove Kolde's suicide was intentional, employer bears the burden of proving Kolde knew the purpose and effect of pointing his gun at his forehead and pulling the trigger.

The evidence shows Kolde was considered to be a careful and competent police officer by his peers, although during six months preceding his suicide Kolde exhibited difficulties with fine discriminatory judgment. Officer Davis regarded Kolde as somebody he would take on a dangerous assignment. Further, on the day of his death, Kolde was on patrol. An inference can be drawn that the St. Louis County Police Department believed Kolde knew the purpose and effect of using his gun to protect the safety and welfare of the citizens within his assigned patrol area. We also note claimant's theory for recovery is consistent with a finding of intentional suicide. There is no contention that employment stress combined with other causes caused a suicide while insane. Claimant does not contend Kolde's mind was so disordered that he could not form the intention to take his own life. Rather, claimant's theory for recovery is the stress of the job combined with humiliation from superior officers in the six to eight months prior to January 13, 1987, caused Kolde to take his own life. Accordingly, there is sufficient competent evidence in the record to warrant the application of § 287.120.3 and the award of no compensation.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.