Frank SUAREZ, Appellant,

v.

**TREASURER OF MISSOURI, SECOND INJURY FUND, Respondent.**

No. WD 51960.

Missouri Court of Appeals,
Western District.

June 25, 1996.

Victor B. Finkelstein, Connaughton, Boyd & Kenter, P.C., Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jefferson City, Brian N. Brown, Assistant Attorney General, Kansas City, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

LAURA DENVIR STITH, Presiding Judge.

This is another in a series of cases presenting the issue whether retrospective effect should be given to that portion of the 1993 amendments to Section 287.220.1 which established threshold percentages of injury which must be sustained before Second Injury. Fund liability is triggered. Finding that this portion of the amendments should not be given retrospective effect, we reverse and remand.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

The basic facts are not in dispute. In August 1989, Mr. Suarez sustained a right shoulder injury arising in the course and scope of his employment with Yellow Freight Systems. Mr. Suarez timely filed a workers' compensation claim against Yellow Freight alleging he sustained permanent partial disability as a result of that injury. In settlement of this claim the parties agreed that Mr. Suarez had suffered a 12% permanent partial disability to the body as a whole.

Mr. Suarez also claimed that the 1989 injury to his shoulder combined synergistically with two prior injuries. The first prior injury, suffered in January 1988, caused a 3.85% permanent partial disability to the body as a whole. The other prior injury, suffered in July 1988, caused both a 10% permanent partial disability to his right thumb and a 5.5% permanent partial disability to his right shoulder. He alleged that these three injuries combined to cause a degree of disability which was greater than that attributable to the simple sum of the disabilities considered individually.

In support, Mr. Suarez presented medical testimony that the August 1989 injury constituted a 15% disability to the body as a whole, that Mr. Suarez's pre-existing permanent disability from the pair of 1988 accidents was 8.5% to the body as a whole, and that the combined disability was 30–35% of the body as a whole following the 1989 injury. The Second Injury Fund presented no medical evidence or other evidence to contradict Mr. Suarez's expert medical opinion.

If the Commission accepted Mr. Suarez's claims, then Mr. Suarez was entitled to recovery from the Second Injury Fund if he met the other requirements established by Section 287.220.1, which governs Second Injury Fund liability. The Administrative Law Judge (ALJ) and the Labor and Industrial Relations Commission (hereinafter collectively "the Commission") held below that Mr. Suarez was not entitled to compensation from the Second Injury Fund.

The Commission held that such recovery was barred by the application of that portion of the 1993 amendments to Section 287.220.1 which requires that a claimant show that at the time of the current injury he suffered from a pre-existing hindrance or obstacle to employment of at least 12.5% of the body as a whole or 15% of a major extremity. It held that under *Leutzinger v. Treasurer*, 895 S.W.2d 591 (Mo.App.1995), these threshold percentages must be applied retrospectively to injuries which were incurred prior to passage of the 1993 amendments.

It is clear that Mr. Suarez's pre–1989 injuries do not meet the threshold requirements established by the 1993 amendments. The issue before this Court is whether those threshold requirements should have been applied retrospectively to Mr. Suarez where, as here, all of his relevant injuries occurred prior to the enactment of the 1993 amendments. We hold that the Commission erred in applying this portion of the 1993 amendments retrospectively, and remand for a determination whether Mr. Suarez is entitled to recover without retrospective application of these threshold percentages.

## II. *LEGAL ANALYSIS*

At the time of all of Mr. Suarez's injuries, Section 287.220.1 contained no numerical threshold for the pre-existing disability as a prerequisite to obtaining Second Injury Fund benefits. Rather, it required only that the combination of the pre-existing disability and the current injury taken as a whole be greater than the sum of the two disabilities considered independently. Case law had imposed the additional requirement that the preexisting disabilities must have resulted in "industrial disability" in order to permit recovery.

If these requirements were met, the Fund was then liable to the extent of the difference between the sum of the two disabilities and the disability resulting from their combination. *See, e.g., Anderson v. Emerson Electric Co.*, 698 S.W.2d 574, 576 (Mo.App.1985).

In 1993 the Legislature revised Section 287.220.1. The revisions abolished the judicially created standard of pre-existing disabilities in favor of a statutory "hinderance or obstacle to employment" requirement for Second Injury Fund liability. As noted above, the amendments also established certain threshold percentages of injury which a worker must have suffered as a result of pre-existing injury in order to qualify for Second Injury Fund recovery.

In *Leutzinger v. Treasurer*, 895 S.W.2d at 594, the Eastern District of the Court of Appeals held that the "hindrance or obstacle to employment" portion of the revised statute was remedial in nature and would be applied retrospectively to injuries incurred prior to the effective date of the amendments.

The ALJ and Commission below never reached the issue of whether Mr. Suarez's injuries constituted a hindrance or obstacle to employment, however. Instead, they found that, if that portion of the amended statute was procedural and hence applied retrospectively under *Leutzinger*, then the thresholds established in the 1993 amendments were also procedural and should be applied retrospectively to bar Mr. Suarez from recovering from the Fund for his injuries, even though his injuries occurred prior to the passage of the 1993 amendments.

This very argument has been rejected repeatedly by this Court and by the Southern District of the Court of Appeals in recent months. *See, e.g., Smart v. Missouri State Treasurer*, 916 S.W.2d 367 (Mo.App.1996); *Fletcher v. Second Injury Fund*, 922 S.W.2d 402 (Mo.App.1996); *Cartwright v. Wells Fargo Armored Services*, 921 S.W.2d 165 (Mo.App.1996). Most recently, the Eastern District of the Court of Appeals has indicated its agreement with this opinion. In an opinion authored by Judge Blackmar, it noted that the other districts had distinguished "between remedial provisions, such as were in-

volved in *Leutzinger*, and substantive provisions which determine entitlement to benefits from the Second Injury Fund," and then stated:

> We believe that the distinction drawn between *Smart* and *Fletcher*, on the one hand, and *Leutzinger*, on the other, is sound, and that *Leutzinger* cannot be properly applied to limit the recovery allowed by the statutes in effect at the time of the accident.

*Faulkner v. Chrysler Corp.*, 924 S.W.2d 866 (Mo.App. E.D.1996).

These cases are controlling here, where both the pre-existing and the current injuries occurred before the 1993 amendments. Mr. Suarez presented evidence below which, if accepted, would permit recovery. We therefore reverse the Commission's Final Award Denying Compensation and remand the case for a determination in accordance with this opinion as to whether Mr. Suarez has met the other prerequisites to recovery from the Second Injury Fund.

All concur.