**Patricia GAUSLING, Plaintiff/Appellant,**

v.

**UNITED INDUSTRIES, Defendant/Respondent.**

**No. 75032.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 6, 1999.

Coggan R. Mills, Nancy W. Mills, Clayton, for appellant.

Greensfelder, Hemker & Gale, P.C., John W. Moticka, John N. Borbonus, St. Louis, for respondent.

JAMES A. PUDLOWSKI, Presiding Judge.

Patricia Gausling (Appellant) appeals the Labor and Industrial Relations Commission's (Commission) decision denying her claim for worker's compensation benefits following the death of her husband, Randy Gausling (Mr. Gausling). Appellant alleged she was entitled to benefits because Mr. Gausling's fatal heart attack on April 2, 1994 arose out of and in the course of his employment in that his supervisor prevented him from leaving work to seek medical attention. Appellant's claim was

initially before an Administrative Law Judge (ALJ) who determined that Mr. Gausling's death was not compensable under the Workers' Compensation Act, RSMo Chapter 287, because it did not arise out of and in the course of employment in that work was not a substantial factor causing his heart attack. On August 26, 1998, the Commission reviewed the evidence, considered the whole record, and affirmed the ALJ's award and decision pursuant to Section 286.090 RSMo (1997) finding it was supported by competent and substantial evidence, and made in accordance with the Missouri Workers' Compensation Act. We affirm.

■ The Commission affirmed pursuant to Section 286.090 RSMo (1997) and, therefore, we review in light of the ALJ's decision, which includes its findings of fact and conclusions of law. *Maas v. Treasurer of State*, 964 S.W.2d 541, 544 (Mo.App. E.D. 1998).

From March 11, 1994, until April 2, 1994, Mr. Gausling was employed as a dockworker for United Industries. On April 2, 1994, during the first part of his shift at approximately 4:00 p.m., Mr. Gausling told his supervisor, Tyler O'Neil (O'Neil), that he was ill and wanted to leave work. Testimony revealed that Mr. Gausling had flu-like symptoms, including a stomachache. A co-worker, Thomas Bell (Bell), testified that he heard O'Neil tell Mr. Gausling that if he left work, he would probably be fired. Conversely, O'Neil testified that he told Mr. Gausling to stay until the meal break and then see how he felt. When Mr. Gausling still did not feel well after the meal break, he told O'Neil that he was leaving.

At approximately 8:45 p.m., Mr. Gausling suffered a fatal heart attack while driving home from work. The St. Louis County medical examiner concluded that Mr. Gausling suffered from severe coronary artery atherosclerosis, and the cause of death was arteriosclerotic heart disease.

At the time of his death, Mr. Gausling was forty-six years of age, approximately six feet tall and weighed two hundred and thirty pounds. Mr. Gausling smoked approximately one and one-half packs of cigarettes daily for at least twenty years, and was a Christian Scientist who had not seen a physician for at least six and one-half years.

Dr. Stephen Schuman (Dr. Schuman) submitted a report and testified for United Industries. He found that Mr. Gausling had risk factors for a heart attack including smoking and gender. He also stated that Mr. Gausling suffered from coronary artery disease, and that his fatal heart attack "occurred as a spontaneous event in the natural history of his underlying [coronary artery disease]." Dr. Schuman then testified that work was not a substantial factor in causing the heart attack. He further stated that early treatment of heart attacks improves the chances for survival.

Dr. Jitendrah Gupta (Dr. Gupta) submitted a report and testified that Mr. Gausling's death was work related. Dr. Gupta testified that "a combination of not being able to seek early medical help and acute mental and physical stress, was a substantial factor in his death and, therefore, the death is work related." Dr. Gupta also found Mr. Gausling suffered from coronary artery disease, and that smoking and gender increased his risks for a heart attack.

The ALJ determined that Mr. Gausling's death was not compensable because it did not arise out of and in the course of employment. On August 26, 1998, the Commission affirmed the ALJ's award and decision pursuant to Section 286.090 RSMo (1997). Appellant alleges she was entitled to benefits because Mr. Gausling's fatal heart attack arose out of and in the course of his employment in that O'Neil prevented him from leaving work to seek medical attention.

■ In reviewing the Commission's decision, we view the evidence in the light

most favorable to the decision and uphold the decision if it is supported by competent and substantial evidence. *Gander v. Shelby County*, 933 S.W.2d 892, 894 (Mo.App. E.D.1996). We may set aside the Commission's findings and award if they are clearly contrary to the overwhelming weight of the evidence. *Cook v. Sunnen Products Corp.*, 937 S.W.2d 221, 224 (Mo.App. E.D. 1996). Moreover, we may modify, reverse, or remand for rehearing when: (1) the commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts do not support the award; or (4) there was not sufficient competent evidence in the record to support the award. Section 287.495.1 RSMo (1994); *Breckle v. Hawk's Nest, Inc.*, 980 S.W.2d 192, 193 (Mo.App. E.D.1998).

Employers under the Workers' Compensation Law are liable, irrespective of negligence, for personal injury or death of the employee by accident arising out of and in the course of employment. Section 287.120(1) RSMo (1994). In *Kasl v. Bristol Care, Inc.*, 984 S.W.2d 852, 853 (Mo. banc 1999), the Missouri Supreme Court addressed the 1993 amendments to the Workers' Compensation Law and determined that to be compensable, accidents must be "clearly work related." The accident must be unique to the work. *Id.* Work must be more than a triggering or precipitating factor; it must be a "substantial" factor in causing the resulting medical condition or disability. *Id;* Section 287.020 RSMo (1994). "The injury must be incidental to and not independent of the relation of employer and employee." *Id.* at 854.

■ The Commission is the sole judge of the credibility of the witnesses. *Garibay v. Treasurer of Missouri*, 930 S.W.2d 57, 59 (Mo.App. E.D.1996). Additionally, the Commission has sole discretion to determine the weight to be given expert opinions. *Maas v. Treasurer of State*, 964 S.W.2d 541, 545 (Mo.App. E.D.1998).

It was in the Commission's sole discretion to believe Dr. Schuman's opinion that Mr. Gausling's heart attack was a spontaneous event in the natural history of his underlying coronary artery disease and work was not a substantial factor in causing it. Additionally, the Commission is the sole judge of witness credibility, and therefore, was free to find that Appellant, who alleged that O'Neil denied Mr. Gausling the option to leave work, relied on speculative assumptions. Although both doctors testified that early treatment improves a heart attack victim's chances for survival, the Commission found there was not competent and substantial evidence to support Appellant's allegation.

■ The Commission's finding that Mr. Gausling's heart attack did not arise out of and in the course of employment because work was not a substantial factor causing the heart attack is supported by competent and substantial evidence and is not clearly contrary to the overwhelming weight of the evidence. We affirm the Commission's decision.

WILLIAM H. CRANDALL, Judge, and CLIFFORD H. AHRENS, Judge, CONCUR.